# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| WILLIAM VAN TRUSELL, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| v. | ) | 1:12CV227 |
| JOSEPH B. HALL, | ) | |
| Respondent. | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, has submitted a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody, together with an application to proceed *in forma pauperis*. For the following reasons, the Petition cannot be further processed.

1. Petitioner has failed to indicate that state court remedies have been exhausted. [28 U.S.C. § 2254(b).] In fact, it appears that he has not exhausted those remedies. Petitioner states that he pursued a direct appeal and that he later filed a mandamus proceeding in the North Carolina Court of Appeals raising a double jeopardy argument. Petitioner does not list having pursued any motion for appropriate relief in the trial court. (Docket Entry 2, §§ 9, 11.) Further, Petitioner states that the mandamus action in the North Carolina Court of Appeals has not yet been decided. (Id., § 15.) Not only this, but Petitioner's only claim is that his appellate counsel did not raise a double jeopardy argument on direct appeal. (Id., § 12, Ground One.) Petitioner's claim is one that he could not have raised on direct appeal and the only post-conviction proceeding that he reports having filed is still pending. It does not appear that he has exhausted his state court remedies. This Court cannot consider his claim until he has.

    2.    An insufficient number of copies was furnished. Petitioner must submit the original and two copies.

Because of these pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, after he has exhausted his state court remedies. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition. See Spencer v. Sutton, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

**IT IS RECOMMENDED** that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition, after he has exhausted his state court remedies, which corrects the defects of the current Petition.

This the  6th  day of April, 2012.


                                              /s/ L. Patrick Auld
                                           **L. Patrick Auld**
                                    **United States Magistrate Judge**